# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAWN GRAY,**<br>1318 Statesman Road<br>Norristown, PA 19403 | )<br>)<br>) |
| | ) DOCKET NO.: |
| Plaintiff | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| | ) |
| **MAIN LINE HOSPITALS, INC.** | ) TYPE OF PLEADING |
| 130 S. BRYN MAWR AVE. | ) |
| BRYN MAWR, PA 19010, | ) **COMPLAINT** |
| | ) |
| Defendant | ) FILED ON BEHALF OF |
| | ) |
| | ) **DAWN GRAY**, |
| | ) Plaintiff |
| | ) |
| | ) John A. Daller, Esquire |
| | ) PA Bar No. 329356 |
| | ) Daller Law Firm |
| | ) PO Box 162 |
| | ) 510 Pittsburgh Street |
| | ) Mars, PA 16046 |
| | ) (724) 201-2050 |
| | ) johndaller@daller-law.com |
| | ) |
| | ) |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN GRAY,** | ) | |
| | ) | DOCKET NO.: |
| Plaintiff | ) | |
| | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| **MAIN LINE HOSPITALS, INC**. | ) | |
| Defendant | ) | |
| | ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

This is a civil action seeking damages against  a private employer for committing acts which deprived Plaintiff of rights secured by the laws of the United States and of the Commonwealth of Pennsylvania when Defendant refused to grant Plaintiff a religious exemption from its mandatory COVID-19 vaccination policy because it did not accept the sincerity of her belief, refused to offer reasonable accommodations, and acted disparately against her by practice and pattern compared to other similarly situated, yet younger, employees because of her sincerely held religious beliefs.

## PARTIES TO THIS COMPLAINT

1. Plaintiff, Dawn Gray, is a resident of Montgomery County in the Commonwealth of Pennsylvania residing at 1318 Statesman Road Norristown, Pennsylvania 19403.

2. Defendant Main Line Hospitals Inc. is a domestic non-profit Pennsylvania Corporation located in Montgomery County with its corporate headquarters and principal place of business at 130 South Bryn Mawr Avenue Bryn Mawr, Pennsylvania 19010.

3. Plaintiff was employed at Defendant's place of business as a Nurse/Clinical Coordinator in the Emergency Department at its Paoli Hospital location prior to her termination.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this matter pursuant to Title VII of the Civils Rights Act of 1964 as codified, *42 U.S.C. §§ 2000e to 2000e-17.*

5. This Court has supplemental jurisdiction over Plaintiff's Pennsylvania Human Relations Act claims under *43 P.S. § 955(a)* pursuant to *28 USCS § 1367(a)* because it is so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district under *28 U.S.C. §1391(b)(1)* because Defendant resides within this judicial district and under *28 U.S.C. § 1391(b)(2)* because Plaintiff suffered damages within the jurisdiction of the Eastern District of Pennsylvania.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

7. A claim (PHRC Case No. 202101176) was filed with the Pennsylvania Human Relations Commission regarding Defendant's alleged discriminatory action on November 2, 2021, and subsequently amended on February 28, 2022. (**copy hereto attached and marked as Exhibit A)**

8. The claim was secondarily filed with the Equal Employment Opportunity Commission by the primary state investigative agency and captioned as EEOC Case No. 17F202260333.

9. The Pennsylvania Human Relations Commission has failed to issue a ruling.

10. Plaintiff submitted a request to the Equal Employment Opportunity Commission after 180 days for a Right to Sue Letter.

11. The Equal Employment Opportunity Commission issued a Notice of Right to Sue Letter on November 3, 2022 (**copy hereto attached and marked as Exhibit B)**

## FACTUAL BACKGROUND

12. The Plaintiff is a practicing non-denominational Christian fundamentalist.

13. The Plaintiff is over forty years of age.

14. At all times relevant to this matter, the Plaintiff was in a Clinical Ladder V nurse position, placing her in the highest end of the compensation scale for her position.

15. The Plaintiff had been employed by the Defendant Main Line Hospitals, Inc since August 7, 2000, most recently as a Nurse/Clinical Coordinator in the emergency department at its Paoli Hospital location.

16. The Defendant employs more than twenty employees.

17. Defendant announced a COVID-19 vaccination requirement for employees on or around July 15, 2021, requiring Plaintiff to be vaccinated by November 1, 2021. (**copy hereto attached and marked as Exhibit C**)

18. Plaintiff requested a religious exemption based upon her sincerely held fundamental religious beliefs on or about September 11, 2021, by completing Defendant's questionnaire and submitting a narrative statement (**copy hereto attached and marked as Exhibit D**) that, in relevant parts, noted a belief that God allows things to happen in natural ways because "all the days ordained for me were written in your book before one of them came to be."

19. The Plaintiff stated that her belief system guided her objections to receiving the COVID-19 vaccination.

20. The Plaintiff, although not legally required to do so, submitted a statement from the Pastor at Calvary Bible Church in Phoenixville, Pennsylvania, affirming her sincerely held fundamental religious beliefs. (**see Exhibit D, *supra***)

21. Defendant denied Plaintiff's request for a sincerely held religious belief on September 23, 2021. (**copy hereto attached and marked as Exhibit E**)

22. Defendant's COVID-19 Vaccination Policy states that "additional information **will** (emphasis added) be requested to support an individual's request for an exemption based upon a sincerely held religious belief." (**see Exhibit C,** *supra***)**

23. At no time did Defendant request specific information regarding Plaintiff's request or engage in an interactive process to question the sincerity of her sincerely held fundamental religious beliefs.

24. Plaintiff appealed the denial on September 27, 2021, restating her beliefs including that the Ten Commandments prohibit murder and that as a Christian her body is a Temple in which the Holy Spirit resides. (**see Exhibit E,** *supra***)**

25. Defendant denied Plaintiff's appeal on October 8, 2021, with the stated reason being identical to the initial denial; namely that she did not "state a basis why your religious belief requires you to decline the COVID-19 vaccination." (**copy hereto attached as Exhibit F**)

26. Chief Operating Officer/Chief Nursing Officer, Barbara Wadsworth, authored an email to Main Line Health Managers on October 12, 2021, that stated, in relevant part, "[w]e want our staff to be able to continue performing their roles and responsibilities without burdening their team **or questioning our vaccine requirement decision** (emphasis added) ." (**copy hereto attached as Exhibit G**)

27. Jack J. Lynch, Chief Executive Officer misleadingly and incorrectly stated in a system wide email communication on October 27, 2021, that "the Centers for Medicare and Medicaid Services are going to **require** (emphasis added) vaccination for all healthcare

workers as a Condition of Participation for all Medicare and Medicaid programs. (**copy hereto attached as Exhibit H**)

28. Plaintiff is aware of younger, less highly compensated, nurses that hold similar beliefs as she, whose religious exemption requests from the mandatory Covid-19 vaccination were granted.

## COUNT ONE – RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII-FAILURE TO ACCOMMODATE

29. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

30. Title VII makes it an unlawful practice for an employer to discharge any individual or to otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of such individual's religion. *42 U.S.C. § 2000(e)-2(a)*.

31. 29 CFR § 1605.2(b)(1) codifies Title VII Section 701(j) that makes it an unlawful employment practice under section 703(a)(1) for an employer to fail to reasonably accommodate the religious practices of an employee or prospective employee, unless the employer demonstrates that accommodation would result in undue hardship on the conduct of its business. *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 74 (1977).

32. The Third Circuit has adopted the following definition of religion that states: "[f]irst, a religion addresses fundamental and ultimate questions having to do with deep and imponderable matters. Second, a religion is comprehensive in nature; it consists of a belief system as opposed to an isolated teaching. Third, a religion often can be recognized by the presence of certain formal and external signs."  *Africa v. Pennsylvania*, 662 F.2d 1025, 1032 (3d Cir. 1981) quoted in *Fallon v. Mercy Catholic Med. Ctr*. 877 F.3d 487, 491 (3d Cir. 2017).

33. The sincerity of an employee's stated religious belief is usually not in dispute and is "generally presumed or easily established." *Moussazadeh v. Tx. Dep't of Crim. Just.*, 703 F.3d 781, 790 (5th Cir. 2012).

34. The individual's sincerity in espousing a religious observance or practice is "largely a matter of individual credibility." *Davis v. Ft. Bend Cnty.*, 765 F.3d 480, 486 (5th Cir. 2014) quoting *Tagore v. United States*, 735 F.3d 324, 328 (5th Cir. 2013).

35. The inquiry into sincerity is limited to determining if the asserted belief or practice is in fact the employee's own religious belief; it should not entail considering any matters such as whether employee had a true conversion experience. *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 452 (7th Cir. 2013).

36. In the Third Circuit, employees may establish a claim for religious discrimination based upon a theory of "failure to accommodate" because of religion. *Abramson v. William Patterson College of N.J.*, 260 F.3d 265, 281 (3d Cir. 2001).

37. Where a Plaintiff brings a claim under a failure to accommodate theory, she must first establish a *prima facie* case of religious discrimination by establishing that: 1) she holds a sincerely held religious belief that conflicts with a job requirement, 2) she informed her employer of the conflict, and 3) she was disciplined for failing to comply with the conflicting requirement. *Webb v. City of Philadelphia*, 562 F.3d 256, 259 (3d Cir. 2009).

38. Plaintiff is a devout practicing non-denominational Christian fundamentalist.

39. Plaintiff follows the teachings of Jesus Christ and her belief system is founded upon the recordings in the Holy Bible.

40. Christianity can be recognized by the presence of "certain formal and external signs."

41. Plaintiff has a fundamental sincerely held religious belief system founded in Christianity.

42. Plaintiff informed Defendant of her sincerely held religious beliefs and the conflict created by the Defendant's mandatory Covid-19 vaccination policy when she filed a religious exemption request. **(see Exhibit D, *supra*)**

43. Plaintiff's request for a religious exemption from the Defendant's Covid-19 vaccination policy included an affirmation of Plaintiff's sincerely held religious beliefs from the Pastor at Calvary Bible Church, Phoenixville, Pennsylvania. **(see Exhibit D, *supra*)**

44. Courts are not arbiters of scriptural interpretation; and by inference, neither are employers. *Thomas v. Rev. Bd. of Ind. Emp. Sec. Div.*, 450 U.S. 707, 716 (1981).

45. Without objective evidence to the contrary, the Defendant, through its agent, the members of the MLH Covid-19 Vaccine Religious Exemption Committee, determined that Plaintiff's "request does not state a basis for why your religious belief requires you to decline the Covid-19 vaccination. **(see Exhibit F, *supra*)**

46. At no time was an interactive process meeting conducted to discuss the sincerity of Plaintiff's religious beliefs or whether accommodations could be provided.

47. Since the interactive process meeting did not occur, Defendant failed to engage with Plaintiff to determine whether she possessed a sincerely held religious belief or whether an accommodation was possible.

48. The only existing evidence at the time of the denials of Plaintiff's religious exemption request and her appeal of the initial decision was the Plaintiff's statements that she had fundamental sincerely held religious beliefs that conflicted with the Defendant's mandatory Covid-19 vaccination policy and the supporting statement of her Pastor at Calvary Bible Church, Phoenixville, Pennsylvania.

49. The Plaintiff attempted to appeal the decision, restating her sincerely held fundamental religious beliefs. **(see Exhibit E, *supra*)**

50. Defendant once again summarily denied Plaintiff's request for a religious exemption and merely stated, without further inquiry, that she did not "state a basis why your religious belief requires you to decline the COVID-19 vaccination." **(see Exhibit F, *supra*)**

51. Despite her religious exemption request, the Defendant disciplined Plaintiff when it terminated her for not complying with its mandatory Covid-19 vaccination policy that conflicted with her fundamental sincerely held religious beliefs.

52. Plaintiff believes and therefore avers that Defendant discriminated against her on the basis of her religion by failing to accommodate her sincerely held religious beliefs.

53. Based in part upon statements made by Defendant's agents who hold high-level leadership positions in Defendant's organization **(see Exhibits G and H, supra)**, it is believed and therefore averred that Defendant acted with malice and reckless indifference to the federally protected rights of Plaintiff when it illegally terminated her employment.

54. Plaintiff suffered damages because of her illegal termination, including loss of wages and benefits, embarrassment, emotional distress, court costs, and legal fees.

55. Pursuant to *42 U.S.C. § 2000e-5(k)* and *42 U.S.C. § 1988(b)*, this Honorable Court may award the prevailing party reasonable attorney's fees as part of the costs.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court award her damages in the form of lost wages and benefits, punitive damages, costs, attorney's fees, and interest, and order immediate reinstatement to her position under terms at least as favorable as available to her under her previous employment, or enter any other Order this Honorable Court finds to be in the interest of justice.

## COUNT TWO – RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII – DISPARATE TREATMENT

56. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

57. Under Federal law, it is illegal to treat employees differently based upon their religious beliefs. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

58. In order to present a claim of religious discrimination based upon disparate treatment, the Plaintiff must establish a *prima facie* case of discrimination. *Id*.

59. In order to establish a *prima facie* case of religious discrimination, the Plaintiff must establish that: 1) she was a member of a protected class, 2) she suffered an adverse employment action, and 3) similarly situated persons outside of the protected class were treated more favorably than her. *Abramson v. William Patterson College*, 260 F.3d 265, 281 (3d Cir. 2001).

60. In the Third Circuit, employees may establish a claim for religious discrimination based upon a theory of "disparate treatment" because of religion. *Id*.

61. In order to present a claim of disparate treatment once religious discrimination is established, a Plaintiff must "plead that a facially neutral practice's adverse effects fall disproportionately" on a protected class. *Powell v. Ridge*, 189 F.3d 387 (3d Cir. 1999).

62. Plaintiff is a devout practicing non-denominational Christian fundamentalist.

63. Plaintiff has fundamental sincerely held religious beliefs.

64. Plaintiff was terminated from her position as an Emergency Department Nurse/Clinical Coordinator because of these fundamental sincerely held religious beliefs.

65. Defendant System's Covid-19 Vaccination Policy stated that "there may not be a reasonable accommodation that will allow every person with [a granted religious] exemption to continue to work onsite while unvaccinated." **(see Exhibit C, *supra*)**

66. Glaringly, the same or even similar restrictive language did not apply to those employees who were granted a medical exemption from receiving the Covid-19 vaccine.

67. It is believed and therefore averred that other employees who were not religious were not terminated because of the COVID-19 mandatory vaccination policy. Defendant discriminated against Plaintiff's sincerely held religious beliefs by accepting employees' requests for medical exemptions and denying the Plaintiff the same full and fair opportunity under similar circumstances by summarily refusing to accept the Plaintiff's fundamental sincerely held religious beliefs and failing to consider similar, otherwise granted, accommodations.

68. Plaintiff has further knowledge of younger, non-remote employees, also lower on the institution's pay scale, whose requests for a religious exemption were approved.

69. The adverse effect of termination disproportionately fell upon those individuals, including Plaintiff, who exercised their religious beliefs and requested religious exemptions, but whose exemption requests were denied because the requests were religious, rather than medical, in nature or because those requesting exemptions were younger and less highly compensated.

70. Defendant discriminated against Plaintiff's sincerely held religious beliefs by granting younger, less highly compensated employees' requests for religious exemption while denying Plaintiff the same full and fair opportunity under similar circumstances when reasonable accommodations were available.

71. Defendant discriminated against Plaintiff's sincerely held religious beliefs by granting employees' requests for medical exemptions while denying Plaintiff the same full and fair opportunity under similar circumstances when reasonable accommodations were available.

72. It is believed and therefore averred that Defendant acted with malice and reckless indifference to the federally protected rights of Plaintiff.

73. Plaintiff suffered damages from her illegal termination, including loss of wages and benefits, embarrassment, emotional distress, court costs, and legal fees.

74. Pursuant to *42 U.S.C. § 2000e-5(k)* and *42 U.S.C. § 1988(b)*, this Honorable Court may award the prevailing party reasonable attorney's fees as part of the costs.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court award her damages in the form of lost wages and benefits, punitive damages, costs, attorney's fees, interest, and order immediate reinstatement to her position under terms at least as favorable as available to her under her previous employment or enter any other Order this Honorable Court finds to be in the interest of justice.

### COUNT III – RELIGIOUS DISCRIMINATION IN CONTRAVENTION TO THE PENNSYLVANIA HUMAN RELATIONS ACT- FAILURE TO ACCOMMODATE

75. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

76. Pursuant to § 5 of the Pennsylvania Human Relations Act as Amended, it is an unlawful discriminatory practice for any employer to refuse to hire, discharge from employment, or otherwise discriminate against an individual with respect to terms, conditions, or privileges of employment on the basis of religious creed or age. *43 P.S. § 955*.

77. Courts are not arbiters of scriptural interpretation; and by inference, neither are employers. *Thomas v. Rev. Bd. of Ind. Emp. Sec. Div.*, 450 U.S. 707, 716 (1981).

78. Analysis of cases of employment discrimination brought pursuant to the Pennsylvania Human Relations Act follow the framework established under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

79. The Plaintiff bears the burden of proof in establishing a *prima facie* case that 1) she holds a sincere religious belief; 2) the sincere religious belief conflicts with a job requirement, 3) she informed the employer of the conflict; and 4) she was disciplined for failing to comply with the requirement.

80. Plaintiff requested an accommodation based upon her sincerely held religious belief as a practicing non-denominational Christian fundamentalist.

81. Defendant's mandatory Covid-19 vaccination policy was in direct conflict with Plaintiff's sincerely held religious beliefs.

82. Plaintiff informed the Defendant of this conflict when she filed for a religious exemption request based upon her sincerely held religious beliefs.

83. Defendant failed to engage the Plaintiff in the interactive process to inquire about the Plaintiff's sincerely held religious beliefs or to discuss possible accommodations.

84. Defendant denied Plaintiff's request for an exemption claiming that the "request does not state a basis for why your religious belief requires you to decline the Covid-19 vaccination", presumably because the Defendant deemed the request to be "not sincere" based upon its own arbitrary criteria for determining sincerity. **(see Exhibit E, *supra*)**

85. At no time did the Religious Exemption Request Appeal Committee request additional information regarding the sincerity of the Plaintiff's religious exemption request.

86. Plaintiff never was provided an opportunity for a full and fair appeal to the Religious Exemption Appeal Committee.

87. The Religious Exemption Appeal Committee's decision to deny the Plaintiff's appeal was perfunctory as evidenced by it using the exact same words in its denial as those used by the initial review committee. **(see Exhibit F, *supra*)**

88. Defendant subsequently disciplined Plaintiff for not accepting the vaccine when it terminated her from her position as an Emergency Department Nurse/Clinical Coordinator after failing to approve her exemption request.

89. Defendant's refusal to grant Plaintiff's request for a religious exemption based upon Plaintiff's sincerely held fundamental religious beliefs from its mandatory COVID-19 vaccination policy violates the Pennsylvania Human Relations Act.

90. Based upon these averments, Plaintiff has set forth a *prima facie* case for employment discrimination under the Pennsylvania Human Relations Act. *General Electric Corp. V. Pennsylvania Human Relations Comm*, 365 A.2d 649 (Pa. 1976 ); *School Dis. Of Phila. V. Friedman*, 507 A.2d 882 (Pa. Cmwlth. 1986).

91. Therefore, the burden then shifts to Defendant to establish that there is a valid basis for the employment action. *Amtrak v. Pennsylvania Human Relations Comm.*, 452 A.2d 301 (Pa. Cmwlth. 1982).

92. At no time was an interactive process meeting conducted to discuss the sincerity of Plaintiff's religious beliefs or what accommodations could be provided.

93. Since the interactive process meeting did not occur, Defendant failed to engage with Plaintiff to determine whether she possessed a sincerely held religious belief or whether an accommodation was possible.

94. The only existing evidence at the time of the denial of Plaintiff's religious exemption request and request for reconsideration was that she held fundamental sincerely held religious beliefs as described in her request for a Religious Exemption and as supported by a pastoral statement.

95. Plaintiff believes and therefore avers that Defendant discriminated against her on the basis of her religion by failing to accommodate her sincerely held religious beliefs.

96. Pursuant to *43 P.S. § 959*, interest, attorney's fees, and punitive damages are available remedies for violations of the Pennsylvania Human Relations Act.

97. Plaintiff suffered damages from her illegal termination, including loss of wages and benefits, embarrassment, court costs, and legal fees.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court award her damages in the form of lost wages and benefits, costs, punitive damages, interest, attorney's fees, and order immediate reinstatement to her position under terms at least as favorable as available to her under her previous employment or enter any other Order the Honorable Court finds to be in the interest of justice.

## COUNT IV – RELIGIOUS DISCRIMINATION IN CONTRAVENTION OF THE PENNSYLVANIA HUMAN RELATIONS ACT – DISPARATE TREATMENT

98. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

99. The Pennsylvania Human Relations Act prohibits employers from treating people of faith differently from similarly situated individuals. *Mobley v. Coleman*, 110 A.3d 216 (Pa. Cmwlth. 2015).

100. A Plaintiff must initially set forth a *prima facie* case of discrimination on the basis of religion as held in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) and subsequently adopted by the Pennsylvania Supreme Court. *Garner v. Pennsylvania Human Relations Commission*, 16 A.3d 1189 (Pa. Cmwlth. 2011).

101. In order to establish a *prima facie* case, the Plaintiff must establish that 1) she was a member of a protected class; 2) she suffered an adverse employment action; and 3) similarly situated persons outside of the protected class were treated more favorable than

her. *Spanish Council of York, Inc. v. Pennsylvania Human Relations Comm.*, 879 A.2d 391 (Pa. Cmwlth 2005).

102.     Plaintiff is a devout practicing non-denominational Christian fundamentalist who has sincerely held religious beliefs.

103.     Plaintiff was qualified to perform, and had performed, the duties of her position as an Emergency Department Nurse/Clinical Coordinator at the workplace of Defendant.

104.     Plaintiff complied with the requirements of the Defendant's COVID-19 Vaccination policy when she applied for a religious exemption based upon her sincerely held religious beliefs.

105.     Plaintiff believes and therefore avers that other workers who were younger and submitted religious exemption requests or who submitted exemption requests for other than religious reasons were not terminated for their refusal to accept the Covid-19 vaccine.

106.     Defendant denied Plaintiff's request for an exemption based upon her sincerely held fundamental religious beliefs,  claiming that the "request does not state a basis for why your religious belief requires you to decline the Covid-19 vaccination," presumably because the Defendant deemed the request to be "not sincere" based upon its own arbitrary criteria for determining sincerity.

107.     Defendant failed to engage the Plaintiff in the interactive process to inquire about the Plaintiff's sincerely held religious beliefs or to discuss possible accommodations.

108.     The Defendant terminated the Plaintiff on November 1, 2021, because of her sincerely held religious beliefs.

109.     It is believed and therefore averred that other employees who were either younger or submitted requests for other than religious reasons were not terminated because of the COVID-19 mandatory vaccination policy.

110.     Plaintiff was treated differently than non-religious colleagues, who also worked in immediate contact with other employees, patients, and the general public, and who submitted requests for exemptions from the Covid-19 vaccination policy for other than religious reasons, and who were granted exemptions.

111.     Plaintiff was treated differently than younger colleagues, who also worked in immediate contact with other employees, patients, and the general public, and who submitted requests for exemptions from the Covid-19 vaccination policy for religious reasons, and who were granted exemptions.

112.     The adverse effect of termination disproportionately fell upon those individuals, including Plaintiff, who were older and/or exercised their religious beliefs but whose exemption requests were denied.

113.     Plaintiff suffered an adverse employment action when her employment was terminated following November 1, 2021.

114.     Plaintiff believes and therefore avers that she was unlawfully discriminated against by Defendant in violation of Pennsylvania law when she was disparately treated in comparison to other similarly situated employees outside of her protected class.

115.     Plaintiff suffered damages from her illegal termination, including loss of wages and benefits, embarrassment, court costs, and legal fees.

116.     Pursuant to *43 P.S. § 959*, interest, attorney's fees, and punitive damages are available remedies for violations of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court award Plaintiff damages in the form of lost wages and benefits, costs, punitive damages, interest, attorney's fees, and order immediate reinstatement to her position under terms at least as favorable as available to her under her previous employment or enter any other Order the Honorable Court finds to be in the interest of justice.

## COUNT V – AGE DISCRIMINATION IN CONTRAVENTION OF THE PENNSYLVANIA HUMAN RELATIONS ACT – DISPARATE TREATMENT

117.     The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

118.     The Pennsylvania Human Relations Act states that "[it] shall be an unlawful discriminatory practice unless based upon a bona fide occupational qualification, for any employer because of . . age, . . . to refuse to [] employ or contract with, or to bar or to discharge from employment such individual [] or to otherwise discriminate against such individual [] with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

119.     The Pennsylvania Human Relations Act states that "[i]t shall be an unlawful discriminatory practice . .. [f]or any [] employer . . . to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act.

120.     Plaintiff, a woman over the age of forty, requested an accommodation based upon her sincerely held religious beliefs as a non-denominational Christian fundamentalist.

121.     Plaintiff was treated differently than female colleagues younger than forty years of age, who also worked in immediate contact with other employees, patients, and the general public, and who were granted religious exemptions.

122.     Defendant discriminated against Plaintiff's sincerely held religious beliefs by granting similarly requested religious exemptions to female colleagues less than forty years of age.

123.     Defendant Main Line Health terminated Plaintiff on November 1, 2021, after failing to approve her religious exemption request.

124.     Plaintiff suffered an adverse employment action when her employment was terminated following November 1, 2021.

125.     Plaintiff believes and therefore avers that she was unlawfully discriminated against by Defendant in violation of Pennsylvania law when she was disparately treated in comparison to other similarly situated employees outside of her protected class.

126.     Plaintiff suffered damages from her illegal termination, including loss of wages and benefits, embarrassment, court costs, and legal fees.

127.     Pursuant to 43 P.S. § 959, interest, attorney's fees, and punitive damages are available remedies for violations of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court award Plaintiff damages in the form of lost wages and benefits, costs, punitive damages, interest, attorney's fees, and order immediate reinstatement to her position under terms at least as favorable as available to her under her previous employment or enter any other Order the Honorable Court finds to be in the interest of justice.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgement in her favor and against Defendant and award her the following relief:

a. Award her lost wages and benefits plus interest;

b. Award her punitive damages;

c. Order immediate reinstatement of her to previous position under terms at least as favorable to her;

d. Award her costs and counsel fees; and

e. Award any additional and further relief this Honorable Court deems in the interest of justice.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully Submitted,

*John A. Daller*

Date:   January 23, 2023

s/ John A. Daller

John A. Daller
Attorney for Plaintiff
PA No. 329356
Daller Law Firm
PO Box 162
510 Pittsburgh Street
Mars, PA 16046
(724) 201-2050
johndaller@daller-law.com