# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN GRAY, | ) | |
| | ) | 2:23-cv-00263-KNS |
| Plaintiff | ) | |
| | ) | **REPORT OF RULE 26(f)** |
| v. | ) | **MEETING** |
| | ) | |
| MAIN LINE HOSPITALS, INC. | ) | |
| Defendant | ) | |
| | ) | |

## REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f) and this Honorable Court's March 28, 2023, Notice of Rule 16 Hearing, counsel for the parties conferred and submit the following report of their meeting for the court's consideration:

**I. Basic Information**

Names of counsel for Plaintiff(s) who will participate in the Rule 16 Conference:

John A. Daller

Names of counsel for Defendant(s) who will participate in the Rule 16 Conference:

Caren Litvin

For each party, does counsel have full authority to settle this case at the Rule 16 Conference?

Plaintiff's counsel does not have full authority to settle this case. Defendant's counsel will have authority.

If not, list name(s) of any client or proxy with such authority who will either attend the conference or remain on call during the conference:

Plaintiff, Dawn Gray, will attend the Rule 16 Conference

Date parties held the Rule 26(f) Conference: April 14, 2023

Please check off all that apply:

[ x ] Jury Trial Requested [ ] Non-Jury Trial Requested

[ x ] Magistrate referral requested (for settlement purposes only) [ ] Arbitration

## II. Discussion of Claims, Defenses, Relevant Issues, and Likely Motions

### A. Jurisdiction and Venue

Basis of jurisdiction:  This Court has federal question jurisdiction over this matter pursuant to Title VII of the Civils Rights Act of 1964 as codified, 42 U.S.C. §§ 2000e to 2000e-17. This Court has supplemental jurisdiction over Plaintiff's Pennsylvania Human Relations Act claims under 43 P.S. § 955(a) pursuant to 28 USCS § 1367(a) because it is so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Venue is proper in this district under 28 U.S.C. §1391(b)(1) because Defendant resides within this judicial district and under 28 U.S.C. § 1391(b)(2) because Plaintiff alleges damages within the jurisdiction of the Eastern District of Pennsylvania. Parties do not contest subject matter jurisdiction, personal jurisdiction, or venue.

### B. Claims

The claims in this action sound in religious discrimination; namely a failure to accommodate and disparate treatment under both Title VII and the Pennsylvania Human Relations Act.  Plaintiff believes that it will prevail because Defendant failed to follow EEOC guidance and the strength of the facts of the case.  Plaintiff believes that the following issues are in dispute: 1) Whether the Plaintiff holds sincerely held religious beliefs that prevent her from receiving the Covid-19 vaccine and 2) Whether granting any possible accommodation would pose and undue hardship upon the Defendant.

### C. Relief Requested and Amount in Controversy

Mrs. Gray respectfully requests relief in excess of $ 731,645  determined as follows:

1. Back pay in the amount of $ 46,389 that represents the difference in her anticipated Main Line Hospital wages and what she has received in unemployment and her current employment.

2. Unknown loss of increased pension benefit had she worked until full retirement age at Main Line Hospitals. Loss of Main Line Hospitals contribution to 403(b) plan estimated to be in excess of $10,256 until full retirement age,

3. Plaintiff requests future pay at the difference of her estimated rate of compensation if still employed by the Defendant and any bonuses, value of benefits, and raises to which she would have become entitled from settlement to full retirement age of 67 and her current employment. This amount is estimated to exceed $318,000.

4. In lieu of forward pay, Plaintiff requests immediate reinstatement to her previous, or similarly situated, position at terms at least as favorable to those under her previous employment.

5. Mrs. Gray has suffered economic damages including interest charges, retraining costs, and increased taxes on early withdrawal penalties from her retirement accounts, and from the need to sell her house due to the loss of income because of her wrongful termination. This amount is estimated to be in excess of $57,000 at this time.

6. Punitive damages to be awarded by the Court based upon Defendant's malice and reckless indifference to the federally protected rights of Plaintiff. Defendant has over 500 employees and is therefore subject to a punitive damage cap of $300,000.

7. Interest awarded on the above back pay awards and applicable attorney fees and costs.

Defendant denies that Plaintiff is entitled to any damages or the damages claimed.

### D. Defenses

Defendant Main Line Hospitals, Inc., denies liability and has asserted Affirmative Defenses in the Answer to the Complaint.  By way of summary, Defendant has raised the following: (1) Defendant acted in good faith and properly in creating a policy that mandated COVID-19 vaccination by all employees and staff.  (2) Although the Main Line Health COVID-19 Vaccination Policy, Nonpatient ("Policy") allowed for exemptions for sincerely held religious beliefs, Plaintiff failed to meet the exemption criteria as determined by the MLH Religious Exemption Committee and the Appeals Committee, and her termination arose from legitimate non-discriminatory reasons given her failure to abide by the Policy. (3)  Granting Plaintiff an exemption under all the circumstances would have given rise to more than a *de minimis* operational or undue hardship on Defendant.

### E. Amending Pleadings

Plaintiff does not anticipate the need to amend pleadings at this time. Plaintiff requests a deadline 60 days following the Rule 16 conference as a deadline to permit initial discovery to occur.

### F. Anticipated Motions

Plaintiff does not anticipate filing any threshold or dispositive motions at this time.  Defendant anticipates filing a motion under Federal Rule of Civil Procedure 56(a) as there is no material issue of fact as to all or some of its defenses.

### III. Discovery

**A. Informal Disclosure**

The parties will provide Initial Rule 26(a)(1) disclosures prior to the Rule 16 conference. Parties have not formed any other agreements as to the timing, form, and scope of informal disclosures not required in Rule 26(a)(1).

**B. Formal Discovery**

The parties anticipate that discovery should be completed within 90 days of the Rule 16 Conference.

The parties do not need to conduct discovery in phases to prepare for the filing of motions or for settlement discussions.

The parties anticipate the use of experts. The Plaintiff anticipates offering testimony from a Human Resource professional. The Plaintiff anticipates that Defendant will offer medical and scientific testimony in order to justify its refusal of Plaintiff's religious exemption request. To that extent, Plaintiff will offer rebuttal testimony. The Defendant anticipates offering an expert to support the undue hardship of granting the requested exemption to the Policy vaccination requirement during the pandemic.

The parties proposed deadline for expert discovery is 120 days following the Rule 16 conference. The parties will exchange expert reports simultaneously. The parties expect that expert depositions will be necessary.

The Parties have discussed electronic discovery and do not anticipate any issues. All emails and other documents responsive to discovery requests will be produced in pdf format and transmitted electronically to opposing counsel.

### IV. Settlement or Early Resolution

The parties do not wish to proceed via early resolution through alternative dispute resolution (ADR) or mediation.

The parties do not wish to proceed before a Magistrate Judge for final disposition.

The parties request a settlement conference before a Magistrate Judge.

### V. Trial Date

Beginning three months following the Rule 16 Conference, Plaintiff's counsel is unavailable because of scheduled trial the week of August 7, September 5 pre-trial conference, scheduled trial week of September 18. Counsel is also unavailable the week of August 14. Counsel for Defendant is similarly attached during the above time frames and also attached November 1, 2023 (pre-trial conference), December 5, 2023 (trial pool), December 12, 2023 (trial pool), and January 1, 2024 (trial pool).

### VI. Other Matters

Defendant seeks to conduct all depositions remotely (by Zoom) due to the decision of Plaintiff and her counsel not to receive any vaccinations/boosters against COVID. Plaintiff is not amenable to conducting its depositions remotely but will agree to Defendant conducting its depositions remotely. The parties seek a ruling by the Court on this dispute.

Dated: April 18, 2023                                          Respectfully submitted

s/ *John Daller*                                               s/ *Brendan Hennessy*

| | |
|---|---|
| John A. Daller, Esquire | BRENDAN D. HENNESSY, ESQUIRE |
| PA Bar # 329356 | I.D. No.: 91831 |
| Daller Law Firm | Of Counsel |
| PO Box 162 | Litvin Law Office |
| 510 Pittsburgh Street | Counsel for Defendants |
| Mars, PA 16046 | 610-909-4667 |
| (724) 201-2050 office | Bhennessy@Hennessylawfirm.com |
| (610) 314-6481 cell | |