IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN GRAY,<br><br>　　　　　　　　　　*Plaintiff*<br>　v.<br><br>MAIN LINE HOSPITALS, INC.,<br><br>　　　　　　　　　　*Defendant* | Case: 2:23-cv-00263-KNS |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION *IN LIMINE*
TO PRECLUDE REFERENCE TO FRONT PAY**

**A.　INTRODUCTION**

On January 23, 2023, Plaintiff, Dawn Gray, filed a Complaint, alleging claims for religious discrimination and age discrimination, in which she asserts claims for front pay (ECF 1). On October 2, 2023, Defendant filed a Motion for Summary Judgment to dismiss Plaintiff's claims (ECF 21). Defendant's Motion has been fully briefed and is pending before the Court. In the meantime, Defendant is filing this Motion *in Limine* in accordance with the Court's July 12, 2023 Scheduling Order (ECF 17).

**B.　LEGAL ARGUMENT**

Title VII permits a meritorious plaintiff to recover back pay and other equitable relief that the Court deems appropriate:

> If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may ... order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay ..., or any other equitable relief as the court deems appropriate.

42 U.S.C. § 2000e-5(g)(1). "Any other equitable relief" encompasses front pay. *See Pollard v. E.I. du Pont de Nemours & Co*., 532 U.S. 843, 850–54 (2001). Because Title VII back pay and front pay are equitable remedies determined by the court, a jury's role is merely advisory—that is, not

binding—as to these damages. *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 78 n.1 (3d Cir. 2009) (*citing Pollard*, *supra*, 532 U.S. at 849–50).

Plaintiff's claim for age discrimination arises only under the Pennsylvania Human Relations Act, which does not provide the right to a jury trial and therefore any damages under the PHRA are not pertinent to the jury's analysis.

With respect to the issue of front pay damages under Title VII, Defendant submits that Plaintiff cannot project a future wage loss which requires expert analysis as Plaintiff has not retained an expert who could make such projections.  Although Plaintiff can testify regarding her alleged economic losses, it is critical that she confine such testimony to lay testimony.  Defendant submits that the question of any future wage loss is an issue that should be resolved by the Court if necessary, as part of its equitable jurisdiction.

## C. Conclusion

In order to protect Defendant from any undue prejudice that could arise from a reference front pay, Defendant respectfully requests that the Court preclude Plaintiff or her counsel from referencing front pay damages during the trial.  Defendant further requests that the Court reserve the issue of any front pay claim as part of its discretion.

Respectfully submitted,

| | |
|---|---|
| *s/ Caren Litvin* | *s/ Brendan Hennessy* |
| Caren Litvin | Brendan Hennessy |
| 150 N. Radnor Chester Road | 101 Lindenwood Drive, Suite 225 |
| Suite F-200 | Malvern, PA 19355 |
| Radnor, PA  19087 | bhennessy@hennessylawfirm.com |
| CL@litvinlawoffice.com | (484) 875-3111 (office) |
| (610) 977-2049 (office) | *Of Counsel to Litvin Law Office* |
| *Counsel for Defendants* | *for Defendants* |

Dated:  January 30, 2024