# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN GRAY,** | ) | |
| | ) | 2:23-cv-00263-KNS |
| Plaintiff | ) | |
| | ) | |
| v. | ) | PLAINTIFF BRIEF IN |
| | ) | OPPOSITION TO MOTION |
| **MAIN LINE HOSPITALS, INC**. | ) | *IN LIMINE* |
| Defendant | ) | |
| | ) | |

### PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM CALLING WITNESSES NOT IDENTIFIED OR ON SUBJECTS NOT DISCLOSED DURING PRETRIAL DISCOVERY

## A.  INTRODUCTION

Plaintiff, Dawn Gray, filed a complaint on January 23, 2023, against Main Line Hospitals, Inc. that included claims for religious discrimination and age discrimination arising from the Defendant's denial of her religious exemption request to not be compelled to accept the Covid-19 vaccination. Prior to her termination, Gray was employed in the Emergency Hospital at Paoli Hospital, a subsidiary of the Main Line Health System. On February 15, 2024, in response to Defendant's Motion for Summary Judgment, the Court dismissed Plaintiff's age discrimination claim.  (ECF 39, 40).  Trial on Plaintiff's religious discrimination claim is scheduled to begin on April 25, 2024.  Plaintiff had identified three trial witnesses (Andrea Gazzillo, Kerry Downes and Julie Grimm) each of whom "is expected to testify about receiving a religious exemption from the Defendant's Covid-19 Vaccination policy and the accommodations she received." (ECF 27 at 18). At this time, Ms. Gazzillo and Ms. Downes have declined to testify. For the reasons below, Plaintiff respectfully asks the Court to deny Defendant's motion to preclude Ms. Grimm from testifying about any topic not disclosed during Plaintiff's deposition.

### B.  LEGAL ARGUMENT

Rule 26(a)(1)(A) requires a litigant to provide in its initial disclosures "the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." *Fed. R. Civ. P. 26(a)(1)(A)*. Rule 26(e) imposes a continuing duty upon a party to supplement such disclosures in a timely manner throughout the discovery period if a party learns they are incomplete or incorrect in any material respect. *Fed. R. Civ. P. 26(e)*.

In response to Defendant's Interrogatories addressed to Plaintiff, Mrs. Gray identified Julie Grimm, an emergency room bedside nurse in the employ of the Defendant just as Mrs. Gray, as an individual believed to have knowledge of any of the facts alleged in the Complaint. (ECF45-3 at 4).  During her deposition, Ms. Gray identified Ms. Grimm as a potential witness and as an individual who was granted a religious exemption and accommodations in order to continue to perform her bedside patient care activities. (ECF 26-3 at 60, 218:3-219: 18, reproduced and submitted as **Exhibit 1** heretofore attached). The Defendant was acutely aware that Ms. Grimm was granted a religious exemption and having ready access to her since she is an employee of the Defendant, has most likely spoken to her during the pendency of this action. Defendant had sufficient notice that Ms. Grimm is a potential witness and is in no way prejudiced by any testimony that she would provide regarding the fact that she was granted a religious exemption from receiving the Covid-19 vaccine and has continued to work in the emergency department providing bed side care to patients.

### C.  CONCLUSION

The Defendant has had knowledge of Ms. Grimm's status as a potential witness and her potential testimony since July 12, 2023, the date of Mrs. Gray's deposition. The Defendant is in no way prejudiced

by her anticipated testimony that could easily be the subject of a stipulation. For the foregoing reasons,

Plaintiff respectfully requests that the Defendant's Motion *in Limine* as to Julie Grimm be denied.

Respectfully Submitted,

Date:   April 15, 2024

/s John A. Daller, Esquire
PA No. 329356
John A. Daller, Esquire
Daller Law Firm
PO Box 162
510 Pittsburgh Street
Mars, Pennsylvania 16046